JAMES LESTER, Plaintiff-Appellant, v. THE CHICAGO PARK DISTRICT, Defendant-Appellee.

First District (2nd Division)   No. 86—2963

Opinion filed August 18, 1987.

Harvey L. Walner & Associates, Ltd., of Chicago (Lawrence Schlam, of counsel), for appellant.

Terence E. Flynn and William Paul Jones, both of Gessler, Wexler, Flynn, Laswell & Fleischmann, Ltd., of Chicago, for appellee.

PRESIDING JUSTICE SCARIANO delivered the opinion of the court:

Pursuant to section 2—615 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—615), the trial court dismissed with prejudice plaintiff-appellant James Lester's personal injury action against the Chicago Park District (CPD). The only question on review is whether the trial court erred in dismissing the complaint for failure to state a cause of action. We affirm.

A review of the record discloses that Lester sustained the complained-of injuries while playing softball in "Hermosa Park," an outdoor recreational area which is owned, operated, and managed by the CPD. On August 2, 1985, Lester filed his original complaint at law alleging that the CPD had acted willfully and wantonly in causing

and knowingly permitting ruts and holes to exist on the park's playing field. He alleged that he was nevertheless granted a permit to play on the field, and as a proximate cause of the dangerous condition, he incurred serious injuries. The complaint further alleged that the CPD failed to: (1) warn Lester of the dangerous condition; (2) maintain the property in a reasonably safe condition, and (3) inspect the area and barricade certain areas so as to prevent people from playing on the field. Lester sought a sum in excess of $15,000 as damages.

The CPD moved to dismiss pursuant to section 2—615 for failure to state a cause of action, specifically arguing that the complaint "fails to allege sufficient facts to support a wanton and willful negligence cause of action." On January 2, 1986, the trial court granted the CPD's motion and allowed Lester 28 days to amend his complaint. Lester filed his amended complaint on January 28, 1986, and the CPD again filed a section 2—615 motion to dismiss. The motion was granted on April 4, 1986, and Lester was again given 28 days to amend his complaint.

Lester filed his second amended complaint on April 29, 1986. This complaint still alleged that the CPD had caused ruts and holes in the field on which the plaintiff was to play and that, despite knowledge of the danger it created, failed to cure the defect. The complaint also alleged that the CPD:

> "[a]fter causing ruts and holes in the baseball diamond area that they knew was used for playing softball, insufficiently and without proper materials, re-filled the holes and tractor markings, thereby knowingly created a danger and hazard to persons upon their premises."

The CPD subsequently filed a motion to dismiss with prejudice on the grounds that Lester had failed to allege sufficient facts indicating that the CPD was "consciously indifferent to the surrounding circumstances and conditions" and that therefore he had failed to state a cause of action for willful and wanton negligence. The court granted Lester 28 days to respond to this motion, and as part of that response, Lester attached the CPD permit allowing Lester to use the field on the day he sustained the injuries. Lester asserts in his brief to this court that the reverse side of the CPD permit sets forth a rule that individuals would not be permitted to use the field if it was not in proper condition. However, the reverse side of the permit purportedly enunciating this regulation was not attached to any of Lester's complaints or to the response of the CPD's motion to dismiss, is not a part of the record on appeal, and therefore cannot be

considered by this court. *Paine, Webber, Jackson & Curtins, Inc. v. Rongren* (1984), 127 Ill. App. 3d 85, 92, 468 N.E.2d 459.

On September 19, 1986, the court heard arguments on the CPD's motion to dismiss with prejudice. After noting that there was an attempt by the CPD to fill the holes and ruts in the field, the trial court acknowledged that although the second amended complaint may have stated a cause of action for simple negligence, it did not state a cause of action for willful and wanton negligence. The complaint was accordingly dismissed.

■■■ As noted above, the only issue confronting us is whether the trial court erred in granting the CPD's section 2—615 motion to dismiss. It is well settled that Illinois is a fact-pleading State, and that, therefore, in order to withstand a motion to dismiss, a complaint "must contain sufficient averments of fact to state a cause of action." (*Stenwall v. Bergstrom* (1947), 398 Ill. 377, 75 N.E.2d 864; *Jarvis v. Herrin City Park District* (1972), 6 Ill. App. 3d 516, 524, 285 N.E.2d 564.) To state a cause of action, "a complaint must be both legally and factually sufficient; it must set forth a legally recognized claim as its basis for recovery and must plead facts which bring the claim within the legally recognized cause of action alleged." (*Doyle v. Shlensky* (1983), 120 Ill. App. 3d 807, 811, 458 N.E.2d 1120.) Moreover, when considering a motion to dismiss, the trial court is bound to construe the motion strictly against the pleader. (*Harvey v. Mackay* (1982), 109 Ill. App. 3d 582, 586, 440 N.E.2d 1022.) The role of the trial judge, therefore, is to determine that, based on the pleadings, it appears that there is a possibility of recovery, not an absolute certainty, and that a complaint should not be dismissed unless it appears that the pleader wholly fails to state a cause of action. *McCauley v. Chicago Board of Education* (1978), 66 Ill. App. 3d 676, 678-79, 384 N.E.2d 100.

The damages in tort which Lester asserts against the CPD must be recovered pursuant to the Local Governmental and Governmental Employees Tort Immunity Act, which states:

> "Neither a local public entity nor a public employee is liable for an injury where the liability is based on the existence of a condition of any public property intended or permitted to be used as a park, playground or open area for recreational purposes unless such local entity or public employee is guilty of willful and wanton negligence proximately causing such injury." (Ill. Rev. Stat. 1985, ch. 85, par. 3—106.)

The question, therefore, reduces itself to one of whether Lester alleged facts which, if proved to be true, constitute "willful and wan-

ton negligence."

█ The Illinois General Assembly has defined willful and wanton misconduct as "utter indifference" and "conscious disregard" for the safety and lives of others. (Ill. Rev. Stat., 1986 Supp., ch. 85, par. 1—210; see also *Laco v. City of Chicago* (1987), 154 Ill. App. 3d 498, 503, 507 N.E.2d 64; *Jarvis v. Herrin City Park District* (1972), 6 Ill. App. 3d 516, 523, 285 N.E.2d 564, 569; M. Polelle & B. Ottley, Illinois Tort Law 412-13 (1st ed. 1985).) Our supreme court has added that "willfull and wanton" negligence means "failure, after knowledge of impending danger, to exercise ordinary care to prevent it or a failure to discover the danger through recklessness, or carelessness when it should have been discovered by ordinary care." (*Lynch v. Board of Education* (1980), 82 Ill. 2d 415, 429, 412 N.E.2d 447.) Moreover, "[a]s to whether there has been wilful and wanton conduct in any given case necessitates close scrutiny of the facts as disclosed by the evidence, and while the rule of law does not vary, the facts to which the law is applicable always present divergent circumstances and facts which, in most instances, are wholly dissimilar." 82 Ill. 2d 426, 430, 412 N.E.2d 447.

Lester relies heavily on the case of *O'Brien v. Township High School District 214* (1980), 83 Ill. 2d 462, 415 N.E.2d 1015, in which our supreme court held that "[b]ecause of the necessity to closely scrutinize the facts of each case, plaintiff should be allowed to present evidence in support of his allegations of wilful and wanton misconduct." (83 Ill. 2d 462, 468, 415 N.E.2d 1015.) In *O'Brien*, the defendant school district directed an untrained student to provide medical and surgical treatment to an injured student, instead of seeking competent medical assistance. Under these particular circumstances, the court found that the cause of action for willful and wanton negligence existed. Lester argues that his second amended complaint also alleged sufficient facts to show that the CPD committed certain acts or omissions amounting to willful and wanton conduct.

In support of this argument, Lester first emphasizes that the Local Governmental and Governmental Employees Tort Immunity Act is in derogation of the common law, and that, therefore, it must be strictly construed against the public entity. (*Clark v. City of Chicago* (1980), 88 Ill. App. 3d 760, 764, 410 N.E.2d 1025.) He also points out that while the "ultimate facts necessary to support an action must be alleged, the pleader need not set forth evidence which very well may be derived from discovery subsequent to the filing of the complaint." (*Ingram v. Little Co. of Mary Hospital* (1982), 108 Ill. App. 3d 456,

459, 438 N.E.2d 1194.) Finally, Lester contends that the question of willful and wanton conduct is an issue of fact to be decided by the jury, and that, therefore, the trial judge erred in not giving the jury the opportunity to decide the question. *Glover v. City of Chicago* (1982), 106 Ill. App. 3d 1066, 1075, 936 N.E.2d 623; *Dumpert v. Liechty* (1969), 114 Ill. App. 2d 59, 66, 251 N.E.2d 652.

■ In contrast, the CPD persuasively argues that Lester fails to state a cause of action for willful and wanton negligence. According to the CPD, the admitted fact that the CPD undertook rehabilitative action to fill in the various holes and ruts in the field indicated a concern for possible injuries, and certainly does not as a matter of law rise to the level of "utter indifference" or "conscious disregard" for the safety of lives. We agree. To equate the CPD's actions in discovering the condition complained of and taking affirmative rehabilitative acts after such discovery in an attempt to remedy the problem with willful and wanton conduct would render that standard synonymous with ordinary negligence. Moreover, though the question of willful and wanton conduct is normally reserved for the trier of fact, "a court may make a determination of that issue if the evidence *** overwhelmingly favors the movant and no contrary determination based on the evidence could ever stand." (*Laco v. City of Chicago* (1987), 154 Ill. App. 3d 498, 504, 507 N.E.2d 64.) Hence, we distinguish *O'Brien* because the evidence therein indicates a total failure of action by the defendant, whereas the CPD in the case at bar at least took affirmative steps to remedy a perceived problem.

This court addressed an analogous situation in the above-cited *Jarvis* case, in which the plaintiff filed suit as a result of injuries she received on a "children's sliding board-jungle bars combination" owned by the Herrin City Park District. The park district argued that the trial court's dismissal of the complaint, in which plaintiff had alleged "utter indifference and conscious disregard" for plaintiff's safety, should be affirmed since it did not state facts sufficient to state a cause of action based upon willful and wanton conduct. The complaint therein alleged as follows:

> "5. That while plaintiff *** was at said park she climbed up the sliding board and while attempting to take hold of the railing or bars at the top of the sliding board slipped and fell to the ground, thereby sustaining serious injuries as set forth ***.
>
> 7. Defendant, the Herrin City Park District, by and through its agents and servants, was then and there guilty of one or more of the following acts which showed an utter indif-

ference to or conscious disregard for the safety of the plaintiff:

\* \* \*

(d) Failed to maintain the sliding board in a reasonably safe condition for persons using it, including the plaintiff.

(e) Failed to inspect and repair the worn and slippery board.

(f) Failed to provide adequate railing on the top platform of the sliding board-jungle bars combination."

The court found:

"[N]othing in the allegations of fact which, if proven, would show the defendant was utterly indifferent to or consciously disregarded the safety of the plaintiff. While the allegations of fact may have been sufficient to constitute negligence, they are not sufficient to show wilful and wanton conduct. For want of such factual allegations that count of the complaint must be adjudged insufficient." (*Jarvis v. Herrin City Park District* (1972), 6 Ill. App. 3d 516, 525, 285 N.E.2d 564.)

We believe the circumstances *sub judice* present an even more persuasive case for dismissal for failure to allege facts indicating willful and wanton conduct. Unlike the defendant in *Jarvis*, the CPD, as admitted in Lester's pleadings, acted affirmatively to try to repair the ruts and holes in the field. The CPD may have been negligent in the repair, but it cannot be said that its conduct was willful and wanton negligence.

Accordingly, in light of the fact that Lester has failed repeatedly to plead the necessary facts to state a cause of action, we hold that the decision of the trial court is affirmed.

Affirmed.

STAMOS and BILANDIC, JJ., concur.