JOHN · MAJEWSKI, Plaintiff-Appellant, v. THE CHICAGO PARK DIS-
TRICT, Defendant-Appellee.

First District (4th Division)   No. 88—0226

Opinion filed December 15, 1988.

Benjamin & Shapiro, Ltd., of Chicago (Angelle M. Rothis, of counsel), for appellant.

Gessler, Flynn, Laswell, Fleischmann, Hughes & Socol, Ltd., of Chicago (John K. Hughes, William P. Jones, and Steven Robert Verr, of counsel), for appellee.

JUSTICE LINN delivered the opinion of the court:

Plaintiff, John Majewski, brought an action in the circuit court of Cook County against defendant, the Chicago Park District. Plaintiff sought damages for injuries that he sustained in falling on broken glass while playing touch football on a field that defendant owns. The trial court dismissed plaintiff's third amended complaint, ruling that it failed to state a cause of action. Plaintiff appeals, contending that the trial court erred in dismissing the complaint.

We affirm the order of the trial court.

BACKGROUND

■■ In determining whether to allow a motion to dismiss, a court must take all well-pled allegations of fact contained in the complaint as true and construe all reasonable inferences therefrom in the plaintiff's favor. (*Cook v. Askew* (1975), 34 Ill. App. 3d 1055, 1057, 341 N.E.2d 13, 15.) Plaintiff alleged that defendant owns and operates Kilbourn Park, located at 3400 North Kilbourn Avenue, in Chicago, Illinois. At the park, defendant maintains a football field. On April 24, 1986, plaintiff was playing touch football on the field. During the game, he fell on broken glass lying on the field, sustaining injuries to his right wrist.

Plaintiff alleged that defendant maintained a groundskeeping staff and other employees to periodically remove debris and cut the grass in Kilbourn Park, including the football field. Additionally,

defendant's employees had removed glass from the football field on past occasions. Thus, defendant knew or should have known that broken glass was occasionally found on the field. Plaintiff further alleged that defendant committed the following willful and wanton acts or omissions:

"a. Failed to post signs around said football field warning of the possible presence of broken glass upon said field when said Defendant knew, as aforesaid, of said possibility and should have known of the possibility of serious injury from falling thereon in a location where falling to the ground was to be expected;—or, alternatively

b. Failed to perform its required inspections of and litter removal from the said football field when it knew of the likelihood of the periodic presence of glass upon said field and should have known of the possibility of serious injury from falling thereon in a location where falling to the ground was to be expected."

Plaintiff alleged that these willful and wanton acts or omissions proximately caused his injuries. He sought in excess of $15,000 in damages.

Plaintiff filed his original complaint on March 13, 1987. The complaint was eventually dismissed, as were two subsequent amended complaints. He filed his third amended complaint on November 5, 1987. On December 17, 1987, the trial court granted defendant's motion to dismiss the complaint with prejudice. Plaintiff appeals.

OPINION

A

■ Since the parties disagree as to what plaintiff must allege and prove, we note at the outset the applicable legal principles. Defendant is a governmental entity subject to the Local Governmental and Governmental Employees Tort Immunity Act (the Act) (Ill. Rev. Stat. 1985, ch. 85, par. 1—101 *et seq.*). Under the Act generally, and except as otherwise provided in the Act, a local public entity has the duty to exercise ordinary care to maintain its property in a reasonably safe condition. (Ill. Rev. Stat. 1985, ch. 85, par. 3—102(a).) However, when liability is based on a condition of any public park, playground, or recreational area, the Act expressly provides that the local public entity is liable only when it is guilty of willful and wanton misconduct proximately causing the injury. (Ill. Rev. Stat. 1985, ch. 85, par. 3—106.) Section 3—106 of the Act was intended to encourage the development and maintenance of public parks, play-

grounds, and similar recreation areas. (*Jackson v. Board of Education* (1982), 109 Ill. App. 3d 716, 718, 441 N.E.2d 120, 121.) We, of course, cannot deviate from this statutory requirement.

### B

■ Plaintiff claims that the trial court erred in finding that his third amended complaint failed to state a cause of action. Courts should liberally construe pleadings. However, in considering a motion to dismiss, courts are to construe pleadings strictly against the pleader. The granting of a motion to strike and dismiss is within the sound discretion of the trial court. *Harvey v. Mackay* (1982), 109 Ill. App. 3d 582, 586, 440 N.E.2d 1022, 1025.

■ Our supreme court has explained what a satisfactory complaint must contain:

"To pass muster a complaint must state a cause of action in two ways. First, it must be legally sufficient; it must set forth a legally recognized claim as its avenue of recovery. When it fails to do this, there is no recourse at law for the injury alleged, and the complaint must be dismissed. [Citations.] Second and unlike Federal practice, the complaint must be factually sufficient; it must plead facts which bring the claim within the legally recognized cause of action alleged. If it does not, the complaint must be dismissed. [Citation.]" *People ex rel. Fahner v. Carriage Way West, Inc.* (1981), 88 Ill. 2d 300, 308, 430 N.E.2d 1005, 1009.

■ Plaintiff contends that he pled sufficient facts to state a cause of action against defendant for willful and wanton misconduct. Our courts have defined willful and wanton misconduct in very many cases over the years. One often-quoted definition is found in *Schneiderman v. Interstate Transit Lines, Inc.* (1946), 394 Ill. 569, 583, 69 N.E.2d 293, 300:

"A wilful or wanton injury must have been intentional or the act must have been committed under circumstances exhibiting a reckless disregard for the safety of others, such as a failure, after knowledge of impending danger, to exercise ordinary care to prevent it or a failure to discover the danger through recklessness or carelessness when it could have been discovered by the exercise of ordinary care."

Willful and wanton misconduct goes far beyond mere inadvertence, which may constitute ordinary negligence. Willful and wanton misconduct requires a conscious disregard for the safety of others. (*Murphy v. Jewel Cos.* (1974), 24 Ill. App. 3d 1, 4, 320 N.E.2d 47,

50.) Additionally, willful and wanton misconduct must be manifested by the well-pled facts contained in the complaint. The mere characterization of acts as willful and wanton misconduct is insufficient to withstand a motion to dismiss. *Cipolla v. Bloom Township High School District No. 206* (1979), 69 Ill. App. 3d 434, 437, 388 N.E.2d 31, 34.

■ Applying these principles to the case at bar, it is clear that the complaint fails to plead facts that constitute willful and wanton misconduct. Plaintiff identified defendant's willful and wanton misconduct as: (1) failing to post signs around the football field warning of the possible presence of broken glass; and (2) failing to inspect, and remove debris from, the field. These allegations, standing alone, describe mere omissions, which perhaps might constitute ordinary negligence. However, they simply do not amount to willful and wanton misconduct.

As the trial court correctly observed, plaintiff never pled facts stating *why* defendant "knew or should have known" about the broken glass on the Kilbourn Park football field—facts that demonstrate a conscious disregard for the safety of others. Instead, plaintiff alleged mere negligence, but labelled it as willful and wanton misconduct. We hold that plaintiff pled insufficient facts to state a cause of action for willful and wanton misconduct against defendant. We uphold the trial court's dismissal of plaintiff's third amended complaint.

For the foregoing reasons, the order of the circuit court of Cook County, which dismissed plaintiff's third amended complaint, is affirmed.

Affirmed.

JIGANTI, P.J., and JOHNSON, J., concur.