BILLY KENNETH BROWN, a Minor, by his Mother and Next Friend, Myrtle Brown, Plaintiff-Appellant, v. THE CHICAGO PARK DISTRICT, Defendant-Appellee.

First District (6th Division)   No. 1—90—0246

Opinion filed October 18, 1991.

William G. Pintas & Associates, Ltd., of Chicago (William G. Pintas, of counsel), for appellant.

Gregoria Vega-Byrnes, of Chicago, for appellee.

JUSTICE LaPORTA delivered the opinion of the court:

Plaintiff through his next friend, his mother, filed suit against the Chicago Park District after her son's foot was injured when a mirror fell from the wall of a park district indoor public shower. The mirror was originally placed behind a pipe in the shower stall by an unknown third party not involved in the litigation. Plaintiff alleged defendant's conduct in not removing the mirror before the injury constituted a

willful and wanton act because park district employees knew of the existence and in fact had used the mirror in the past. Plaintiff's complaint was dismissed and amended twice and dismissed a third time for failure to state a cause of action. Plaintiff appealed the final dismissal order, which was entered with prejudice.

On appeal, plaintiff contends the court erred when it ruled that plaintiff's second amended complaint failed to allege as a matter of law any willful and wanton conduct by the defendant.

Plaintiff also contends the park district was in error to argue as a defense that plaintiff's action is barred by section 24 of the Illinois Park District Code, which states, "[T]he Chicago Park District shall not be liable for passive negligence on its part for claims arising on and after October 1, 1983" (Ill. Rev. Stat. 1987, ch. 105, par. 33.23a). Defendant concedes this issue on appeal and we need not discuss it here.

Plaintiff sued the Chicago Park District after plaintiff, Billy Kenneth Brown, a minor, was injured August 8, 1988, at Pulaski Park in Chicago. Plaintiff alleged that Brown was at the public, indoor shower on that date when a mirror, wedged behind the shower pipe, fell on Brown and seriously injured him. Brown's age is not in the record. However, an interrogatory submitted to plaintiff by defendant asks what injuries the minor has sustained in the past 12 years.

Plaintiff alleged both negligence and willful and wanton conduct on the part of the park district in counts I and II and sought family expenses under a third count. The court granted defendant's motion to dismiss the complaint and plaintiff was given leave to file an amended complaint. Plaintiff filed an amended complaint in two counts alleging willful and wanton misconduct on the part of the park district and seeking family expenses. Defendant's motion to strike the complaint was granted, and plaintiff again was given leave to amend.

Plaintiff filed a second amended complaint in two counts which alleged willful and wanton conduct on defendant's part and sought family expenses. The complaint alleged willful and wanton conduct by park district employees in that:

"Subsequent to the occurrence, a Chicago Park District employee on the scene spoke to the plaintiff and admitted that the Park District staff had known that the mirrors were in the shower room and that they should not have been there.

Prior to [the occurrence] and for some time prior thereto, employees of the Chicago Park District themselves used said mirrors, and were witnessed standing in front of the mirrors and combing their hair.

On [the date of the occurrence] and for some time prior thereto, the defendant and its employees and agents had actual knowledge and notice of the existence of said mirrors in the shower area, and had ample time to take measures to remove the mirrors or otherwise render them harmless."

Plaintiff alleged willful and wanton conduct in one or more of the following ways: "Willfully and wantonly failed to remove the mirror that injured the plaintiff from its location behind the shower pipe, even though it knew the mirror should not be there and that it constituted a great hazard to users of the public showers; willfully and wantonly failed to affix the mirror securely to the wall or otherwise render it harmless to patrons, even though it knew that the mirror was only wedged behind a pipe and that it constituted a great hazard to users of the public shower; willfully and wantonly failed to warn patrons of the shower that said mirrors constituted a great hazard."

The trial court dismissed the second amended complaint with prejudice on December 20, 1989. Plaintiff appealed, raising as an issue whether the trial court erred in its ruling that plaintiff's second amended complaint failed to allege as a matter of law any willful and wanton conduct by the defendant.

■ The Local Governmental and Governmental Employees Tort Immunity Act (hereinafter the Tort Immunity Act) provides tort immunity to local public entities or public employees based on the condition of any public property "intended or permitted to be used for recreational purposes, including but not limited to parks, playgrounds, open areas, buildings or other enclosed recreational facilities, unless such local entity or public employee is guilty of willful and wanton conduct proximately causing such injury." Ill. Rev. Stat. 1989, ch. 85, par. 3—106.

Here, plaintiff alleged the defendant's conduct constituted willful and wanton actions which would serve to block the protection provided by the Tort Immunity Act. The trial court found no willful and wanton conduct on the part of defendant and ruled that the mirror was not something designed on the walls of the building but rather was something people brought to the showers. "[T]he folks who maintain these places, perhaps figured that the patrons of the Park District will continue bringing the mirrors as fast as they can take them down. Even if that's not their thinking, whether the glass is or the mirror is dangerous or not, is, of course, for a jury to decide; but as a matter of law, I don't think this conduct, which is now very well described, as about as well alleged as can be set forth, is willful and

wanton. I think that the pleadings are sufficient to pass the notice problem, but I think the conduct itself is not willful and wanton."

Plaintiff's action was dismissed on a motion to dismiss. To determine the propriety of such a motion, all facts properly pleaded must be taken as true (*Nyman v. Washington State Bank* (1980), 86 Ill. App. 3d 781, 782, 408 N.E.2d 471, 472) with all reasonable inferences construed in plaintiff's favor. *Scarano v. Town of Ela* (1988), 166 Ill. App. 3d 184, 186, 520 N.E.2d 62.

■ The Tort Immunity Act defines willful and wanton conduct as "a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others or their property." Ill. Rev. Stat. 1989, ch. 85, par. 1—210.

The supreme court in *Lynch* further defined willful and wanton conduct: "A willful or wanton injury must have been intentional or the act must have been committed under circumstances exhibiting a reckless disregard for the safety of others, such as a failure, after knowledge of impending danger, to exercise ordinary care to prevent it or a failure to discover the danger through recklessness, or carelessness when it could have been discovered by ordinary care." (*Lynch v. Board of Education of Collinsville Community Unit District No. 10* (1980), 82 Ill. 2d 415, 429, 412 N.E.2d 447, 457.) The knowledge can be actual or constructive. *Lynch*, 82 Ill. 2d at 430, 412 N.E.2d at 457.

The question of what constitutes willful and wanton conduct is generally reserved for the trier of fact; however, a court may make a determination of that issue if the evidence so overwhelmingly favors one party that a contrary determination cannot stand. (*Lester v. Chicago Park District* (1987), 159 Ill. App. 3d 1054, 1057-59, 513 N.E.2d 72, 75.) In *Lester*, the appellate court affirmed a trial court's finding that plaintiff failed to state a cause of action for willful and wanton conduct when it alleged that the park district's failure to repair ruts and holes in a softball field constituted willful and wanton conduct. *Lester*, 159 Ill. App. 3d at 1060, 513 N.E.2d at 76.

Plaintiff argues that he has alleged willful and wanton conduct in alleging that the park district employees had "notice of the existence of the mirrors, knew they posed a hazard to park patrons, had ample time to remove or securely affix them to the wall" and did nothing to remove the glass, resulting in one glass mirror falling and injuring Brown. Plaintiff argues that by ignoring a known hazardous condition, defendant's conduct rose to the level of willful and wanton misconduct.

Plaintiff contends he properly pled that defendant had notice of the hazardous condition because he alleged defendant's employees knew the mirrors were there and they had used them themselves. Plaintiff rejects defendant's argument that it is necessary to allege defendant had knowledge of prior injuries caused by the mirrors. Plaintiff argues that it is reasonable to expect park employees to know that glass in a shower room is dangerous, even if no one has yet been injured.

Defendant contends plaintiff simply has not pled willful and wanton action on the part of the park district. In support, defendant cites to *Majewski v. Chicago Park District* (1988), 177 Ill. App. 3d 337, 532 N.E.2d 409, *Winston v. Board of Education* (1989), 182 Ill. App. 3d 135, 537 N.E.2d 964, and *Scarano v. Town of Ela* (1988), 166 Ill. App. 3d 184, 520 N.E.2d 62.

In *Majewski*, plaintiff sued the Chicago Park District after he sustained injuries when he fell on broken glass located on a park district field. The trial court dismissed plaintiff's complaint for failure to state a cause of action for willful and wanton misconduct. Plaintiff alleged the park district failed to post signs around the football field warning of the possibility of broken glass and failed to inspect and remove debris from the field. The reviewing court upheld the dismissal and found that these allegations, standing alone, describe mere omissions which perhaps constitute ordinary negligence, but are not allegations of willful and wanton misconduct. *Majewski*, 177 Ill. App. 3d at 341.

In *Winston*, the appellate court found the evidence insufficient to establish willful and wanton misconduct on the part of a school district when plaintiff, a five-year-old kindergarten student, was hit by a car after leaving the school alone. Plaintiff alleged that other children had been struck by motor vehicles crossing the same intersection. The appellate court affirmed the trial court finding that plaintiff failed to prove that charge at trial. *Winston*, 182 Ill. App. 3d at 138.

In *Scarano*, the trial court dismissed plaintiff's action for failure to state a cause of action for willful and wanton misconduct causing plaintiff to be injured in a fall from a playground slide. The appellate court reversed the trial court, finding that the complaint alleged willful and wanton conduct on the part of defendants when it alleged defendants knew other children had fallen from the slide due to the slide's defective and dangerous design but had taken no action to remedy the defects.

Defendant argues that the plaintiff here has alleged no facts to indicate the park district knew of other injuries or accidents due to the placement of mirrors behind the pipes by patrons of the showers.

Defendant argues that plaintiff failed to allege any prior knowledge of an impending danger or a reckless disregard for that danger.

■■ We find that the trial court properly determined that the allegations of the park district's conduct did not rise to allegations of willful and wanton misconduct because plaintiff has not alleged any intentional act or any act committed under circumstances exhibiting utter indifference or a reckless disregard for the safety of others. We find plaintiff has failed to allege facts in the amended complaint that would defeat the Park District's statutory tort immunity protection from negligence claims for bodily injury provided the park district in the Tort Immunity Act. We therefore affirm the trial court's dismissal of plaintiff's second amended complaint.

Affirmed.

RAKOWSKI, P.J., and EGAN, J., concur.