JOHN E. ROONEY, Plaintiff-Appellant, v. FRANKLIN PARK PARK DISTRICT et al., Defendants-Appellees.

First District (6th Division)   No. 1—92—2867

Opinion filed December 10, 1993.

Barry C. Kessler, of Kessler & Powen, of Chicago, for appellant.

Baker & McKenzie, of Chicago (Francis D. Morrissey, Gerald L. Maatman, Jr., Michael A. Pollard, Thomas W. Cushing, and Mark M. Burden, of counsel), for appellees.

PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, John Rooney, appeals from an order of the trial court dismissing his amended complaint with prejudice for failure to state a claim upon which relief could be granted. Plaintiff filed this action to recover for injuries he allegedly suffered while participating in a recreational activity on property owned by defendant, Franklin Park Park District (Park District). Plaintiff named as defendants the Park District and its agents, Ron Coletta and Ray Monroe, who supervised the activity. Plaintiff contends that the trial court's order should be reversed because the factual allegations contained in his complaint stated a cause of action for willful and wanton misconduct against defendants sufficient to withstand a motion to dismiss.

Plaintiff alleged in his amended complaint that on May 7, 1990, he sustained injuries to his right knee when he tripped on a gym mat during a Park District-sponsored floor hockey game held in the Park District's gymnasium. Monroe and Coletta were acting as referees throughout the game.

The gymnasium was equipped with wooden bleachers which were open on each end. Plaintiff alleged that solely to prevent the floor hockey ball from being propelled into the open ends of the bleachers, the Park District, through the referees, positioned gym mats in front of the openings. The mats were stood on end and leaned against the openings, and were not affixed to the bleachers in any manner to prevent them from falling. Plaintiff further alleged that during the games, the mats would occasionally fall onto the field of play, creating a hazardous condition to the floor hockey players who were unaware of the presence of the mat in the field. When the mats fell, they would be repositioned in front of the openings.

During the course of the game on May 7, a mat fell onto the playing field and before the mat could be repositioned, plaintiff tripped on it and was injured. Plaintiff alleged that defendants knew of the danger posed by the mats periodically falling onto the field, but took no steps to eliminate the danger. Plaintiff further alleged that the failure of the Park District and the referees to prevent the mats from falling onto the playing field, and the referees' failure to immediately stop play when the mat fell, constituted willful and wanton misconduct. Count I of the amended complaint sought recovery from the Park District, while count II sought recovery from the referees, Monroe and Coletta.

■ Both parties agree on the applicable legal principles. The Park District is a governmental entity subject to the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (Ill. Rev. Stat. 1989, ch. 85, par. 1—101 *et seq.*). Under the Tort Immunity Act, "a local public entity has the duty to exercise ordinary care to maintain its property in a reasonably safe condition." (Ill. Rev. Stat. 1989, ch. 85, par. 3—102(a).) However, when liability is based on a condition of public property intended or permitted to be used for recreational purposes, a local public entity or public employee is liable only for *willful and wanton conduct* proximately causing the injury. (Ill. Rev. Stat. 1989, ch. 85, par. 3—106.) The reason for this liability limitation is clear—without it, municipalities would be loathe, for financial reasons, to provide recreational facilities and programs for the members of their respective communities. (*Larson v. City of Chicago* (1986), 142 Ill. App. 3d 81, 491 N.E.2d 165.) The sole question before us, therefore, is whether plaintiff's amended complaint alleges willful and wanton misconduct as a matter of law.

To withstand a motion to dismiss, the allegations of a complaint must sufficiently set forth a cause of action upon which relief may be granted. (*Burdinie v. Village of Glendale Heights* (1990), 139 Ill. 2d 501, 565 N.E.2d 654.) When the legal sufficiency of a complaint is

challenged, the truth of all well-pleaded facts contained therein is deemed admitted; however, conclusions of law or fact unsupported by the specific factual allegations of the complaint are not admitted. (*Burdinie*, 139 Ill. 2d at 505, 565 N.E.2d at 657.) Thus, the mere characterization of acts as willful and wanton, absent facts to support such a characterization, is not sufficient to withstand a motion to dismiss. *Majewski v. Chicago Park District* (1988), 177 Ill. App. 3d 337, 532 N.E.2d 409.

■ The Tort Immunity Act defines willful and wanton misconduct as "a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others." (Ill. Rev. Stat. 1989, ch. 85, par. 1—210.) In *Burke v. 12 Rothschild's Liquor Mart, Inc.* (1992), 148 Ill. 2d 429, 593 N.E.2d 522, our supreme court examined the use of the term "willful and wanton" in Illinois law, and reiterated its view that such conduct "approaches the degree of moral blame attached to intentional harm, since the defendant deliberately inflicts a highly unreasonable risk of harm upon others in conscious disregard of it." (*Burke*, 148 Ill. 2d at 448, 593 N.E.2d at 531.) Quoting Prosser, the *Burke* court stated that willful and wanton behavior is "within the penumbra of 'quasi intent,' and applies to conduct 'which is still, at essence, negligent, rather than actually intended to do harm, but which is so far from a proper state of mind that it is treated in many respects as if it were so intended.' " (*Burke*, 148 Ill. 2d at 448-49, 593 N.E.2d at 531, quoting W. Keeton, Prosser & Keeton on Torts § 34, at 212-13 (5th ed. 1984).) The court concluded that there was a qualitative difference between negligence and willful and wanton conduct in that the latter "carries a degree of opprobrium not found in merely negligent behavior." *Burke*, 148 Ill. 2d at 451, 593 N.E.2d at 532.

■ In the present case, the trial court determined that the allegations contained in plaintiff's complaint did not rise to the level of willful and wanton conduct on the part of either the Park District or its referees. In keeping with the views expressed by our supreme court in *Burke* with respect to how such conduct is defined, we must agree. The specific allegations were that defendants positioned gym mats in front of the open ends of the bleachers; that these mats would occasionally fall onto the field; that defendants were aware the mats would occasionally fall and have to be repositioned; that defendants took no steps to prevent the mats from periodically falling onto the field; and that on the day in question, one of the mats fell onto the field and plaintiff, not seeing the mat, tripped over it and was injured.

The foregoing allegations do not support a finding that defendants intentionally caused plaintiff's injury. Nor, in our view, do these allegations indicate that defendants were utterly indifferent to or consciously disregarded plaintiff's safety. At worst, defendants' conduct amounted to negligence. It was not, however, so far from a proper state of mind as to be treated as intended, and thereby considered willful and wanton. *Burke*, 148 Ill. 2d at 448-49, 593 N.E.2d at 531.

Plaintiff argues that his position is buttressed by this court's recent decision in *Muellman v. Chicago Park District* (1992), 233 Ill. App. 3d 1066, 600 N.E.2d 48. In *Muellman*, the plaintiff was injured when she stepped into a concealed pipe while attending a music festival. The evidence at trial established that the defendant park district not only knew of the existence of the pipes, which were concealed by tall grass, but was aware of the potential danger posed by the open pipes protruding from the ground. In response to this dangerous condition, the defendant, in an effort to disclose the location of certain pipes, painted those pipes which could potentially damage its lawn mowing equipment. Defendant, however, was "not concerned" about the pipes which were closer to the ground where people might trip over them. This court found that the defendant, in the face of a known risk, consciously disregarded the safety of the public by painting only those pipes which it determined could damage its lawn equipment. Accordingly, this court found defendant's conduct to be willful and wanton as a matter of law.

We find *Muellman* to be distinguishable from the present case. Defendant's alleged conduct here did not carry with it the "degree of opprobrium" displayed by the defendant in *Muellman*. The defendant there was fully conscious of the fact that the pipes created a risk of harm, but chose to eliminate only that risk which impacted on its own equipment. In so doing, the defendant demonstrated its utter indifference to the risk of harm the pipes created to people walking through the park.

Our holding in the present case is in line with prior decisions of this court, in which we have required a heightened level of culpability on the part of defendant before characterizing its conduct as willful and wanton. Our recent decision in *Brown v. Chicago Park District* (1991), 220 Ill. App. 3d 940, 581 N.E.2d 355, illustrates this point. In *Brown*, we affirmed the trial court's dismissal of the plaintiff's complaint, in which he alleged willful and wanton conduct on the part of the defendant park district. The plaintiff in *Brown* was injured when a mirror, which was wedged behind a shower pipe, fell from the wall of the park district shower room. The plaintiff alleged that the

defendant's conduct in not removing the mirror prior to the injury constituted willful and wanton conduct because the defendant's employees knew of the existence of the mirror and in fact had used it on several occasions, admitted that it should not have been there because it created a "great hazard" to users of the public shower, and had ample time to take measures to remove the mirror or otherwise render it harmless. The plaintiff argued that by ignoring a known hazardous condition, the defendant's conduct rose to the level of willful and wanton conduct. We rejected the plaintiff's contention, finding that he failed to allege any intentional act or any act committed under circumstances exhibiting utter indifference or a reckless disregard for the safety of others. *Brown*, 220 Ill. App. 3d at 945, 581 N.E.2d at 359.

Similarly, in *Majewski* (177 Ill. App. 3d 337, 532 N.E.2d 409), the plaintiff sued the defendant park district after he sustained injuries when he fell on broken glass located on a park district field. The plaintiff alleged in his complaint that the defendant's conduct in failing to post signs around the football field warning of the possibility of broken glass and in failing to inspect and remove debris when it knew of the likelihood of the periodic presence of glass upon the field was willful and wanton. The trial court dismissed plaintiff's complaint for failure to state a cause of action for willful and wanton misconduct. This court upheld the dismissal and found that these allegations, standing alone, described mere omissions, perhaps contituting ordinary negligence, but did not amount to allegations of willful and wanton misconduct. *Majewski*, 177 Ill. App. 3d at 341, 532 N.E.2d at 411.

In keeping with the aforementioned decisions of this court, we conclude that plaintiff has failed to allege facts in his amended complaint to support a cause of action for willful and wanton conduct against either the Park District or its referees. We reiterate the language of the supreme court in *Burke*, that willful and wanton conduct "approaches the degree of moral blame attached to intentional harm, since the defendant deliberately inflicts a highly unreasonable risk of harm upon others in conscious disregard of it." (*Burke*, 148 Ill. 2d at 448, 593 N.E.2d at 531.) We agree with the trial court that plaintiff's complaint contains no set of facts which, if proved, would establish that either the Park District or its referees deliberately inflicted such a risk of harm to plaintiff in conscious disregard of it. The mere characterization of acts as willful and wanton misconduct, absent facts to support the charge, is not sufficient to withstand a motion to dismiss. (*Majewski*, 177 Ill. App. 3d 337, 532 N.E.2d 409.) Accordingly, we uphold the trial court's order dismissing plaintiff's amended complaint for failure to state a cause of action.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

EGAN and RAKOWSKI, JJ., concur.