MARTHA BUBB, Indiv. and as Mother and Natural Guardian of Amy M. Pavolko, Plaintiff-Appellee, v. SPRINGFIELD SCHOOL DISTRICT 186, Defendant-Appellant (Evans Construction, Defendant).

Fourth District    No. 4—93—0770

Opinion filed May 25, 1994.—Rehearing denied July 27, 1994.

Karen L. Kendall, of Heyl, Royster, Voelker & Allen, of Peoria, and Gary S. Schwab, of Heyl, Royster, Voelker & Allen, of Springfield, for appellant.

William J. Connor, of Berg, Robeson & Connor, P.C., of Springfield, for appellee.

JUSTICE COOK delivered the opinion of the court:

On September 13, 1991, plaintiff Martha Bubb, individually and as mother and natural guardian of Amy M. Pavolko, filed a complaint against defendants Evans Construction Company and Springfield School District 186 (District), seeking damages for an injury Amy suffered while riding her bicycle on school property. The complaint alleged the District was negligent in failing to maintain a concrete sidewalk in a safe condition. The District filed a motion for summary judgment, contending that immunity under section 3—106 of the Local Governmental and Governmental Employees Tort Immunity Act (Act) (745 ILCS 10/3—106 (West 1992)) prevented any liability based on negligence and the allegations against it did not rise to the level of wilful and wanton misconduct. The trial court denied the motion for summary judgment, and the District filed a motion for reconsideration or for certification for interlocutory appeal. The trial court certified the following questions pursuant to Supreme Court Rule 308 (134 Ill. 2d R. 308):

"(a) Does [section] 3—106 of the Local Governmental and Governmental Employees Tort Immunity Act apply if the public property has more than one purpose, one of which is recreational in nature?

(b) Does [section] 3—106 of the Local Governmental and Governmental Employees Tort Immunity Act apply where a child sustains injury on school property after falling off her bicycle

when the front wheel of the bicycle dropped off in an area where children play foursquare?"

On September 14, 1990, Amy, a fifth grader attending Enos School in Springfield, was injured on her way home from school when she rode her bicycle off the edge of the concrete sidewalk surrounding the school. At the area where she fell, there was a four-inch drop-off between the concrete sidewalk and the grass. This sidewalk ran between the school and a grass playground, and lines for a game called foursquare were painted on the sidewalk near where Amy was injured.

■ Section 3—106 of the Act provides:

"Neither a local public entity nor a public employee is liable for an injury where the liability is based on the existence of a condition of any public property intended or permitted to be used for recreational purposes, including but not limited to parks, playgrounds, open areas, buildings or other enclosed recreational facilities, unless such local entity or public employee is guilty of willful and wanton conduct proximately causing such injury." (745 ILCS 10/3—106 (West 1992).)

The purpose of the immunity is to encourage the development and maintenance of parks, playgrounds, and similar recreational areas. (See *Hanover Insurance Co. v. Board of Education* (1992), 240 Ill. App. 3d 173, 176, 608 N.E.2d 183, 185; *Majewski v. Chicago Park District* (1988), 177 Ill. App. 3d 337, 339-40, 532 N.E.2d 409, 410; *Beckus v. Chicago Board of Education* (1979), 78 Ill. App. 3d 558, 560, 397 N.E.2d 175, 177.) We would add that the immunity is also intended to encourage local public entities to grant permission for the recreational use of public property.

Section 3—106 of the Act provides immunity to local public entities if injury occurs while plaintiff is engaged in a recreational activity in an area primarily used for recreational activity such as parks, playgrounds, or gymnasiums. (See *Foley v. City of La Salle* (1993), 241 Ill. App. 3d 54, 57, 608 N.E.2d 964, 965-66 (immunity applied where plaintiff was injured when he fell after stepping into rut while chasing fly ball during a softball game at city park); *Majewski*, 177 Ill. App. 3d at 339-40, 532 N.E.2d at 410 (immunity applied where plaintiff was injured while playing touch football on city field when he fell on broken glass); *Lester v. Chicago Park District* (1987), 159 Ill. App. 3d 1054, 1057-58, 513 N.E.2d 72, 74 (immunity applied where plaintiff was injured while playing softball at a city park when he stepped into rut on field).) It has also been held that immunity applies where plaintiff is injured while engaged in a nonrecreational activity in an area primarily used for recreational activity. See *Han-*

*over Insurance Co.*, 240 Ill. App. 3d at 177-78, 608 N.E.2d at 186-87 (immunity applied where plaintiff was injured on playground performing masonry repairs); *Annen v. Village of McNabb* (1990), 192 Ill. App. 3d 711, 712-13, 548 N.E.2d 1383, 1384 (immunity applied where plaintiff who was watching baseball game at municipal park was injured in park restroom).

■ Section 3—106 of the Act expressly provides immunity where any public property is "permitted to be used for recreational purposes." (745 ILCS 10/3—106 (West 1992); see also *Ramos v. Waukegan Community Unit School District No. 60* (1989), 188 Ill. App. 3d 1031, 1037, 544 N.E.2d 1302, 1306 (section 3—106 immunity applied where plaintiff was engaged in a recreational activity on non-playground school property); *cf. Larson v. City of Chicago* (1986), 142 Ill. App. 3d 81, 491 N.E.2d 165 (no immunity for roller skating on a public sidewalk not intended for recreational purposes; court did not discuss permissive use).) However, where property which is primarily nonrecreational is actually used for nonrecreational purposes there should be no immunity. Otherwise the immunity would swallow up any liability of a local public entity for its sidewalks or other public property, even where that liability is completely unconnected with any recreational purpose or use. Accordingly, we answer the first certified question as follows: there is immunity under section 3—106 for dual-purpose property where the primary purpose is recreational, however it is used; there is immunity under section 3—106 for dual-purpose property where the primary purpose is nonrecreational, but only when the property is used for recreational purposes. In this case, there would appear to be a question of fact whether the property is primarily recreational; and, if not, whether it was being used for recreational purposes at the time of the accident.

As to the second certified question, it is a question for the trier of fact to resolve whether Amy was engaged in a recreational activity by riding her bicycle on the sidewalk. Similarly, it is a question of fact whether the sidewalk was primarily used for recreational purposes by the children. Danny Hicks, the head of maintenance at the school, testified in deposition that he did not see children play foursquare on the sidewalk but that children did use the sidewalk for riding skateboards. Further, Amy testified she played regularly on the sidewalk, including the game foursquare. If the trier of fact determines Amy was engaged in a recreational activity at the time of the injury, section 3—106 immunity applies. If the trier of fact determines the sidewalk was primarily used for recreational activity,

immunity applies regardless of whether Amy was engaged in a recreational activity.

Certified questions answered; cause remanded.

McCULLOUGH, P.J., and LUND, J., concur.