# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**Bielema v. River Bend Community School District No. 2**, 2013 IL App (3d) 120808

---

| | |
|---|---|
| Appellate Court Caption | ERICA BIELEMA, by Debra A. Bielema, Her Mother and Next Friend, and DEBRA A. BIELEMA, Plaintiffs-Appellants, v. RIVER BEND COMMUNITY SCHOOL DISTRICT NO. 2, an Illinois Unit School District, Defendant-Appellee. |
| District & No. | Third District<br>Docket No. 3-12-0808 |
| Filed | June 18, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Summary judgment was properly entered for defendant school district in plaintiff's action for the injuries she suffered when she slipped and fell in a puddle of liquid on the floor of the school's gymnasium during a volleyball game, since undisputed facts failed to establish that the district was guilty of willful and wanton conduct, especially when the principal had taken action to clean up the spill just before plaintiff fell. |
| Decision Under Review | Appeal from the Circuit Court of Whiteside County, No. 10-L-10; the Hon. John L. Hauptman, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Jennifer M. Kelly, Anne M. Stevens, and Thomas J. Potter, all of Ludens Potter & Melton, of Morrison, for appellants.

Heather Nelson, Loretta M. Griffin, and Ana Maria L. Downs, all of Law Offices of Loretta M. Griffin, of Chicago, for appellee.

Panel

JUSTICE McDADE delivered the judgment of the court, with opinion.
Justices Lytton and O'Brien concurred in the judgment and opinion.

**OPINION**

¶ 1      Minor plaintiff Erica Bielema and her mother Debra Bielema filed a suit against defendant River Bend Community School District No. 2 after Erica slipped and fell in a puddle of liquid inside a school gymnasium. The complaint alleged that the District committed willful and wanton conduct which caused Erica to fall and sustain severe injuries. The trial court granted summary judgment in favor of the District, concluding that the undisputed facts did not demonstrate willful and wanton conduct on the part of defendant. We affirm.

¶ 2                              FACTS

¶ 3      This case comes to us following an order granting summary judgment for the defendant, and no material facts are in dispute. From the pleadings, admissions, and depositions in the record, we adduce the following facts.

¶ 4      On August 21, 2009, the minor plaintiff Erica Bielema attended an event in the Fulton High School gymnasium and participated in an event which included a pep rally and volleyball scrimmage. Kathleen Schipper, the principal of the high school, also attended the event with her husband, Lynn Schipper. Lynn is a self-employed truck driver but also coaches basketball and track for the school district.

¶ 5      After the volleyball scrimmage concluded, someone sitting in the gymnasium's bleachers spilled Gatorade onto the floor, causing a sizeable puddle to form. Kathleen noticed the spill and directed Lynn to stand guard over it while she went to find materials to clean up the puddle.

¶ 6      Lynn stationed himself one to two feet away from the spill; however, he was not focused on the spill and engaged in a conversation with other individuals on his right-hand side. Erica, whom Lynn had once coached, saw Lynn and ran up from the opposite side to greet him. When Erica reached him, she slipped in the puddle and fell to the floor; Lynn attempted to reach out to stop her fall but did not react quickly enough.

¶ 7       Erica and her mother filed suit in the circuit court of Whiteside County, alleging the District had committed willful and wanton conduct which caused Erica to fall and sustain severe injuries. Specifically, the complaint stated that the District, through its agents, had knowledge of a dangerous condition and failed to warn Erica of it, constituting willful and wanton conduct.

¶ 8       After pretrial discovery proceedings, the District moved for summary judgment, arguing that the conduct Erica complained of did not rise to the level of willful and wanton negligence. The trial court agreed and granted summary judgment in favor of the District. The court focused on the fact that Kathleen had directed Lynn to stand guard over the spill. It concluded that because Kathleen took some action to warn of and remedy the spill upon its discovery, the District and its agents did not demonstrate an utter indifference to or conscious disregard for the safety of others. After the trial court denied her motion to reconsider, Erica filed a timely notice of appeal.

¶ 9                                           ANALYSIS

¶ 10      On appeal, we must determine whether the trial court properly granted summary judgment in favor of the District. Summary judgment is appropriate where the pleadings, depositions, admissions and affidavits on file, viewed in the light most favorable to the nonmoving party, reveal that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2010). We review a trial court's grant of summary judgment *de novo*. *Clark Investments, Inc. v. Airstream, Inc.*, 399 Ill. App. 3d 209, 213 (2010).

¶ 11      Erica's lawsuit seeks to hold the District liable for the injuries she sustained on the school's property. The Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) provides that local government entities like the District are not liable for injuries on public property used for recreational purpose "unless such local entity *** is guilty of willful and wanton conduct proximately causing such injury." 745 ILCS 10/3-106 (West 2010). Accordingly, the District must be found to have committed willful and wanton conduct for Erica to prevail.

¶ 12      Whether a public entity's acts constitute willful and wanton conduct depends on the facts of the particular case. *Winfrey v. Chicago Park District*, 274 Ill. App. 3d 939, 944 (1995). Ordinarily, whether specific acts constitute willful and wanton conduct is a question of fact that is reserved for the jury. *Prowell v. Loretto Hospital*, 339 Ill. App. 3d 817, 823 (2003). However, the court may determine as a matter of law whether conduct is willful and wanton "if the evidence so overwhelmingly favors one party that a contrary determination cannot stand." *Brown v. Chicago Park District*, 220 Ill. App. 3d 940, 943 (1991).

¶ 13      The legislature has defined willful and wanton conduct for the purposes of the Tort Immunity Act as follows:

          " 'Willful and wanton conduct' as used in this Act means a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others or their property. This definition shall apply in any case where a 'willful and wanton' exception is incorporated

into any immunity under this Act." 745 ILCS 10/1-210 (West 2010).

¶ 14     We note that in her briefs, Erica has relied on a frequently used common law definition of willful and wanton conduct from *Schneiderman v. Interstate Transit Lines, Inc.*, 394 Ill. 569 (1946), in which the supreme court stated:

> "A wilful or wanton injury must have been intentional or the act must have been committed under circumstances exhibiting a reckless disregard for the safety of others, such as a failure after knowledge of impending danger, to exercise ordinary care to prevent it or a failure to discover the danger through recklessness or carelessness when it could have been discovered by the exercise of ordinary care." *Schneiderman*, 394 Ill. at 583.

Using this definition, Erica argues that the issue in this case is whether the District used ordinary care to guard the spill after it was discovered, and she argues this question should be determined by the jury. We do not agree, however, that this common law definition should be applied in this case.

¶ 15     Two other districts of the appellate court have determined that the Tort Immunity Act's definition of willful and wanton conduct applies to the exclusion of common law definitions. See *Tagliere v. Western Springs Park District*, 408 Ill. App. 3d 235, 243 (1st Dist. 2011); *Thurman v. Champaign Park District*, 2011 IL App (4th) 101024, ¶ 13. These courts have noted that in 1998, the legislature amended the Tort Immunity Act's definition of willful and wanton conduct to add language specifying "[t]his definition shall apply in any case where a 'willful and wanton' exception is incorporated into any immunity under this Act." 745 ILCS 10/1-210 (West 2010). Both courts also quoted an exchange from a hearing on the amendment of section 1-210 from the Illinois General Assembly:

> " 'Krause: Is it the intent of this Bill to ensure that the definition of willful and wanton conduct, provided in the Tort Immunity Act, be applied in all cases where a willful and wanton exception is incorporated into the Act?
>
> Dart: Yes. A sentence has been added to the definition of willful and wanton conduct in the Act, clarifying that the statutory definition be used for cases affected by the Act and that other definitions of willful and wanton conduct that may have or will be provided through common laws, shall not be used in such cases. 90th Ill. Gen. Assem., House Proceedings, May 20, 1998, at 17 (statements of Representatives Krause and Dart)' " *Tagliere*, 408 Ill. App. 3d at 243.

¶ 16     Relying on this language, the *Tagliere* court concluded that the legislature intended for section 1-210's definition of willful and wanton conduct to exclusively apply to evaluate the conduct of public entities under the Act. *Tagliere*, 408 Ill. App. 3d at 243. The *Thurman* court followed suit, stating that the "statutory definition applies to the exclusion of inconsistent common-law definitions." *Thurman*, 2011 IL App (4th) 101024, ¶ 13.

¶ 17     We do note that the supreme court has stated that the statutory definition of willful and wanton conduct is "entirely consistent with this court's long-standing case law" on willful and wanton conduct. *Harris v. Thompson*, 2012 IL 112525, ¶ 41. Although we do not think that the *Schneiderman* court's definition of willful and wanton conduct is necessarily inconsistent with the definition in section 1-210, the legislature clearly intended for the

statutory definition to exclusively apply in cases involving the Tort Immunity Act. Therefore, we follow the *Tagliere* and *Thurman* courts and hold that section 1-210 should apply exclusively to evaluate whether a public entity has committed willful and wanton conduct under the Tort Immunity Act.

¶ 18    Accordingly, to establish that the District acted with willful and wanton conduct, Erica must show "a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others or their property." 745 ILCS 10/1-210 (West 2010). In the context of discovered dangers on public recreational land, courts applying this definition of willful and wanton conduct have looked at whether the public entity had taken *any* action to remedy the danger. For instance, in *Palmer v. Chicago Park District*, 277 Ill. App. 3d 282 (1995), the plaintiff injured himself after his leg became entangled in a 30-foot section of fence that had fallen in a city park and been left unrepaired for three months, despite the fact that the defendant park district conducted daily inspections and the danger the fence posed was obvious. *Palmer*, 277 Ill. App. at 284-85. Because the park district knew or should have known about the hazard and had not taken any remedial measures to repair or warn of the danger, the court concluded the plaintiff had stated a cause of action for willful and wanton conduct. *Palmer*, 277 Ill. App. at 289. On the other hand, where the defendant park district discovered dangerous ruts in a softball field and repaired them, but was alleged to have done so ineffectively, the court determined that the plaintiff could not state a cause of action for willful and wanton conduct. *Lester v. Chicago Park District*, 159 Ill. App. 3d 1054, 1059 (1987). The *Lester* court found it persuasive that the defendant took some action to prevent the harm to others, even though those actions were ineffective:

> "According to the CPD [the defendant], the admitted fact that the CPD undertook rehabilitative action to fill in the various holes and ruts in the field indicated a concern for possible injuries, and certainly does not as a matter of law rise to the level of 'utter indifference' or 'conscious disregard' for the safety of lives. We agree. To equate the CPD's actions in discovering the condition complained of and taking affirmative rehabilitative acts after such discovery in an attempt to remedy the problem with willful and wanton conduct would render that standard synonymous with ordinary negligence." *Lester*, 159 Ill. App. 3d at 1059.

¶ 19    As in *Lester*, in the present case the District took some action to remedy the danger posed by the spill and reduce the risk of harm to others. After seeing Gatorade spilled on the gymnasium floor, Kathleen, the school's principal, directed Lynn to stand guard over it while she went to retrieve materials to clean the spill. While Lynn was engaged in conversation with another person, Erica approached him from behind and slipped in the puddle. There is no question that the facts do not show any intent to harm Erica. Furthermore, the actions of the District's employees do not demonstrate an utter indifference to or conscious disregard for the safety of others: Kathleen took action to remedy the danger posed by the spill and warn others of the danger, indicating a clear concern for the safety of others. And while it seems Lynn could have done more to warn Erica of the spill, his mere ineffectiveness does not show a course of action demonstrating the District was utterly indifferent to or consciously disregarded the safety of others. Therefore, under the undisputed material facts

of this case, Erica cannot show the District was guilty of willful and wanton conduct.

¶ 20                                   CONCLUSION

¶ 21      For the foregoing reasons, the judgment of the circuit court of Whiteside County is affirmed.

¶ 22      Affirmed.