THE PEOPLE *ex rel.* BOARD OF EDUCATION OF THE CITY OF CHI-
CAGO, Plaintiff-Appellant, v. EDWARD J. ROSEWELL, Indiv. and as
County Treasurer and Ex-Officio County Collector of Cook County, *et al.*,
Defendants-Appellees.

First District (3rd Division)   No. 85—2066

Opinion filed May 4, 1988.

Patricia J. Whitten and Mary Denise Cahill, both of Chicago, for appellant.

Edward P. McNeela and Paul E. Cahill, both of Chicago, for appellees.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiff, board of education (Board), appeals from a motion to strike and dismiss granted by the circuit court of Cook County in favor of defendants Edward J. Rosewell, Allen Kwit, County of Cook and John Doe (County). We affirm.

Plaintiff's action arose out of a decision made by the County regarding distribution of the proceeds of a lawsuit involving the State of Illinois and Illinois Bell Telephone Company. (People v. Illinois Bell Telephone Co., No. 80—L—60002.) In that case, the State sued Illinois Bell alleging that Illinois Bell had failed to pay its Cook County personal property tax for 1978. On October 25, 1982, the court ordered Illinois Bell to deposit $26,311,934.90 ($18,146,162 in principal and $8,165,772.90 in interest) into an interest-bearing account to be established and maintained by the Cook County collector (Collector). The court directed that the monies be invested as fully as possible in obligations of the United States government with maturities not to exceed 90 days. The court further ordered that if the State prevailed, the entire amount in the accounts would be paid to the County in full payment and satisfaction of any past-due taxes, interest and penalties of Illinois Bell.

Pursuant to the court's order, the Collector invested the tax principal of $18,146,162 in 90-day investments. On June 3, 1983, the court entered judgment in favor of the State and against Illinois Bell in the amount of $26,311,934.90. The judgment order provided that "[t]he Cook County Collector may disburse the monies held pursuant to this Court's order of October 25, 1982 to the appropriate recipients pursuant to the applicable provision of the Revenue Act."

When the court entered judgment against Illinois Bell, the monies were invested in 90-day investments that were due to mature on July

28, 1983. On or about October 4, 1983, the Board received approximately $4,915,980, which represented its share of the taxes owed by Illinois Bell.

On November 18, 1983, the Board filed a complaint alleging that the County's failure to pay over to the Board the $4,915,980 on June 30, 1983, was because the County had invested the money in certificates of deposit that did not mature until a later date. The Board further alleged that the decision not to redeem the certificates of deposit, and not to distribute the principal due to the taxing bodies, was a decision solely designed to benefit the County and completely disregard the impact of the loss of revenue to the taxing bodies.

The County filed a motion to dismiss the original complaint which was granted. Thereafter, the Board filed an amended five-count complaint. However, the Board later voluntarily dismissed counts I through IV of its amended complaint. In the remaining count, count V, the Board alleged that (1) the County willfully failed to pay the Board its *pro rata* share of the monies in the escrow when they were due and owing; (2) the collection was subject to a penalty of one-tenth or 10% per day of the taxes collected; and (3) the surety of the County's bond must pay into the County treasury $594,834 pursuant to section 280 of the Illinois Revenue Act of 1939 (Ill. Rev. Stat. 1985, ch. 120, par. 761). Following oral argument on the County's motion to dismiss count V, the court granted the County's motion. This appeal followed.

The issue before this court is whether count V of the Board's amended complaint states a cause of action for willful failure to disburse taxes under section 280 of the Illinois Revenue Act of 1939 (Ill. Rev. Stat. 1985, ch. 120, par. 761). Section 280 provides in part,

> "[T]he county collector *** shall on the first day of June and the first day of each and every month thereafter, pay over to the other proper authorities or persons the amounts in his or her possession and payable to them as taxes, not theretofore paid over.
>
> * * *
>
> Any county collector *who willfully fails to pay* over the amount of taxes due and payable, at the time or times required by this Section, shall be subject as a penalty for such failure to pay a sum of money equal to the interest on such amount at the rate of one-tenth of one per cent per day from the time such amount becomes due and payable until the same is paid ***." (Emphasis added.) Ill. Rev. Stat. 1985, ch. 120, par. 761.

■ It is well settled that Illinois is a fact-pleading State. Thus, to

state a cause of action, "a complaint must be both legally and factually sufficient; it must set forth a legally recognized claim as its basis for recovery and must plead facts which bring the claim within the legally recognized cause of action alleged." (*Doyle v. Shlensky* (1983), 120 Ill. App. 3d 807, 811, 458 N.E.2d 1120, 1124.) In considering a motion to dismiss, the trial court is bound to construe the motion strictly against the pleader (*Harvey v. Mackay* (1982), 109 Ill. App. 3d 582, 586, 440 N.E.2d 1022, 1025) and should not dismiss the complaint unless it appears that the pleader wholly fails to allege sufficient averments of fact to state a cause of action. *James Lester v. Chicago Park District* (1987), 159 Ill. App. 3d 1054, 1057, 513 N.E.2d 72, 74.

■ The basis of the Board's claim against the County rests in the Board's allegation that the County "willfully failed" to pay over to the Board monies that were due and owing. In defining the term willful, the Illinois General Assembly has used such words as "utter indifference" and "conscious disregard." (Ill. Rev. Stat. 1987, ch. 85, par. 1—210.) Our supreme court has also defined the term willful as intentional, knowing and voluntary acts and reckless disregard for obvious or known risks. *Department of Revenue v. Heartland Investments, Inc.* (1985), 106 Ill. 2d 19, 29, 476 N.E.2d 413, 418.

In the instant case, the County had to decide whether to leave the monies invested in a 90-day escrow or withdraw the monies prematurely and incur a penalty. Under this scenario, we cannot say that the Board's failure to withdraw the monies prematurely and incur a loss of revenue to all the taxpayers of Cook County constitutes a willful act.

■ In the Illinois Bell case, the court entered an order on October 25, 1982, directing the County to invest the monies received from Illinois Bell as fully as possible in obligations of the United States government with maturities not exceeding 90 days. On June 3, 1983, when the court entered judgment in favor of the County, the judgment order provided that "the Cook County Collector *may* disburse the monies held pursuant to the Court's order of October 25, 1982, to the appropriate recipients pursuant to the applicable provision of the Revenue Act." (Emphasis added.) The monies deposited in the established escrow account were not due to mature until July 28, 1983. When the monies matured, the principal sum of $18,146,162 was placed into the Cook County General A Account. Thereafter, all interest earned on the monies from and including July 28, 1983, was paid to the appropriate taxing bodies, including the Board.

If the County had withdrawn the monies and incurred a penalty, it

would have conceivably exposed itself to a host of numerous other lawsuits based upon negligence and mismanagement of funds. The June 3, 1983, order releasing the funds for distribution expressly used the word "may," thereby granting the County reasonable discretion in recovering the money from the escrows and disbursing the funds to the appropriate taxing bodies at a later date. Based upon these facts, we cannot agree with the Board that the County acted with utter indifference or conscious disregard for the taxing bodies. The County has an obligation to act prudently on behalf of not only the taxing bodies but the taxpayers as well. When the County made its decision not to withdraw the funds early and incur a penalty, it was acting with an intent to maximize the investments and not with an intent to deprive the Board of the monies due to it.

We therefore find that the County did not willfully fail to pay over the monies due to the Board, and that the trial court properly dismissed count V of the Board's amended complaint as failing to state a cause of action upon which recovery could be granted.

Accordingly, the decision of the trial court is affirmed.

Affirmed.

WHITE, P.J., and McNAMARA, J., concur.