FELIPE OROPEZA, a Minor, by his Mother and Next Friend, Barbara Trujillo, Plaintiff-Appellant, v. BOARD OF EDUCATION OF THE CITY OF CHICAGO, Defendant-Appellee (The City of Chicago, Defendant).

First District (3rd Division)   No. 1—91—3860

Opinion filed November 18, 1992.

Sidney Abelski, of Abelski & Bagnall, Ltd., of Chicago, for appellant.

Brian Witus, of Pugh, Jones & Hubbard, P.C., of Chicago, for appellee.

PRESIDING JUSTICE GREIMAN delivered the opinion of the court:

Plaintiff, Felipe Oropeza, a minor, by his mother, Barbara Trujillo, appeals from an order dismissing his fourth amended complaint seeking damages for personal injuries from defendant, the Board of Education of the City of Chicago.

For the reasons which follow, we affirm.

On March 21, 1988, plaintiff, a 17-year-old high school student, allegedly tripped and fell while playing basketball on an outdoor court which was next to the school's premises and which was owned and provided by defendant. The complaint alleged that before and at the time of the incident the basketball court was in a dangerous condition in that it contained clearly visible trenches that were about one inch deep and four inches wide, and that defendant knew or should have known about the trenches and the injuries they could cause. Plaintiff alleged that defendant committed willful and wanton conduct by knowing that students who played on the courts would focus on each other and not the playing surface, failing to prohibit court use, allowing or making the trenches in the asphalt, encouraging students to use the courts by painting game lines and installing hoops, and failing to repair the courts.

Defendant filed a section 2—615 motion to dismiss (Ill. Rev. Stat. 1987, ch. 110, par. 2—615) challenging the sufficiency of plaintiff's complaint to plead a cause of action for willful and wanton conduct under the Local Governmental and Governmental Employees Tort Immunity Act (hereinafter Act) (Ill. Rev. Stat. 1987, ch. 85, par. 1—101 et seq.).

The trial court granted defendant's motion to dismiss and relied on *Lester v. Chicago Park District* (1987), 159 Ill. App. 3d 1054, 513 N.E.2d 72, which held that the plaintiff's complaint had failed to state a cause of action for willful and wanton negligence under the Act where the plaintiff had sustained injuries while playing softball at an outdoor recreational area operated by the defendant park district.

On appeal, plaintiff contends that the trial court erred by (1) failing to apply the doctrine of distraction in determining whether the complaint stated a duty owed by a landowner to a minor invitee, (2) finding that the allegations failed to establish a cause of action for willful and wanton conduct, and (3) relying upon *Lester* (159 Ill. App. 3d 1054, 513 N.E.2d 72). We disagree with plaintiff.

Plaintiff maintains that the doctrine of distraction supports his position that the complaint stated a duty owed by a landowner to a mi-

nor invitee. Plaintiff argues that defendant had knowledge of the ruts and trenches and that these circumstances constituted a dangerous condition from which he was distracted because the game of basketball requires players to focus on each other and not the court surface.

■ We cannot imagine that a breach of duty predicated on the doctrine of distraction can overcome the limitation on liability of a public entity to only willful and wanton conduct. In any event, the application of the concept of distraction is improper in this case. Where a situation presents obvious risks which persons would be expected to appreciate and avoid, there is no duty to remedy that situation. (*Keller v. Mols* (1984), 129 Ill. App. 3d 208, 211, 472 N.E.2d 161.) Plaintiff was not in a situation where he was required to encounter risks to perform duties associated with employment when he sustained the alleged injuries. See *Deibert v. Bauer Brothers Construction Co.* (1990), 141 Ill. 2d 430, 566 N.E.2d 239.

■ Even assuming that the distraction principle conferred a duty on a landowner in the present case, the Act shields a public entity from liability based on the condition of public property intended for recreational purposes unless the public entity has engaged in willful and wanton conduct causing the injury. (Ill. Rev. Stat. 1987, ch. 85, par. 3—106; see also *Kirnbauer v. Cook County Forest Preserve District* (1991), 215 Ill. App. 3d 1013, 576 N.E.2d 168.) Section 3—106 of the Act expressly provides as follows:

"Neither a local public entity nor a public employee is liable for an injury where the liability is based on the existence of a condition of any public property intended or permitted to be used for recreational purposes, including but not limited to parks, playgrounds, open areas, buildings or other enclosed recreational facilities, unless such local entity or public employee is guilty of willful and wanton conduct proximately causing such injury." (Ill. Rev. Stat. 1987, ch. 85, par. 3—106.)

The purpose of providing the immunity expressed in section 3—106 is to encourage the development and maintenance of playgrounds and similar recreation areas. (*Jackson v. Board of Education* (1982), 109 Ill. App. 3d 716, 441 N.E.2d 120.) Accordingly, where, as here, the liability is based on the condition of the playground, a public entity such as defendant is not liable for ordinary negligence but only for acts constituting willful and wanton conduct.

The Act defines "[w]illful and wanton conduct" as "a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious

disregard for the safety of others or their property." Ill. Rev. Stat. 1987, ch. 85, par. 1—210.

■ The Illinois Supreme Court further explained that "willful and wanton" negligence means "failure, after knowledge of impending danger, to exercise ordinary care to prevent it or a failure to discover the danger through recklessness or carelessness when it should have been discovered through ordinary care." *Lynch v. Board of Education of Collinsville Community Unit District No. 10* (1980), 82 Ill. 2d 415, 429, 412 N.E.2d 447; see also *People ex rel. Board of Education v. Rosewell* (1988), 169 Ill. App. 3d 765, 768, 523 N.E.2d 1132 (defines willful "as intentional, knowing and voluntary acts and reckless disregard for obvious or known risks").

We find the present case analogous to *Ramos v. Waukegan Community Unit School District No. 60* (1989), 188 Ill. App. 3d 1031, 544 N.E.2d 1302, *Majewski v. Chicago Park District* (1988), 177 Ill. App. 3d 337, 532 N.E.2d 409, and *Lester* (159 Ill. App. 3d 1054, 513 N.E.2d 72).

In *Ramos*, the court held that section 3—106 of the Act immunized the defendant school district from liability where the minor plaintiff sustained injuries while skipping rope on a school sidewalk which was alleged to be cracked and uneven. *Ramos*, 188 Ill. App. 3d at 1036-37.

In *Majewski*, the court affirmed the dismissal of the plaintiff's complaint for failure to state a cause of action against the defendant park district based on the Act where the plaintiff fell on broken glass while playing touch football on the field of a park maintained by the defendant. *Majewski*, 177 Ill. App. 3d 337, 532 N.E.2d 409.

In *Lester*, the court found that the plaintiff had failed to allege facts which, if proved to be true, would constitute willful and wanton negligence under the Act where the plaintiff complained of injuries sustained while playing softball in a park owned, operated, and managed by the defendant park district. *Lester*, 159 Ill. App. 3d 1054, 513 N.E.2d 72.

■ When considering the sufficiency of a complaint dismissed pursuant to a section 2—615 motion, the reviewing court must determine whether the allegations in the complaint, when viewed in the light most favorable to the plaintiff, are sufficient to set forth a cause of action upon which relief may be granted. (*Burdinie v. Village of Glendale Heights* (1990), 139 Ill. 2d 501, 505, 565 N.E.2d 654; *Delgatto v. Brandon Associates, Ltd.* (1989), 131 Ill. 2d 183, 189-90, 545 N.E.2d 689.) While a section 2—615 motion admits the truth of all well-pleaded facts, it does not admit either the conclusions of law

or fact unsupported by the specific factual allegations upon which such conclusions rest. (*Burdinie*, 139 Ill. 2d at 505; *Groenings v. City of St. Charles* (1991), 215 Ill. App. 3d 295, 299-300, 574 N.E.2d 1316.) To withstand a motion to dismiss, the mere characterization of acts as willful and wanton misconduct is not sufficient, but rather the willful and wanton misconduct must be manifested by the well-pled facts in the complaint. *Majewski*, 177 Ill. App. 3d at 341.

From our review of the record and the three cases discussed above (*Ramos*, 188 Ill. App. 3d 1031, 544 N.E.2d 1302, *Majewski*, 177 Ill. App. 3d 337, 532 N.E.2d 409, and *Lester*, 159 Ill. App. 3d 1054, 513 N.E.2d 72), we believe that the trial court properly determined that the allegations in plaintiff's complaint are insufficient to establish a cause of action for willful and wanton conduct. See also *Brown v. Chicago Park District* (1991), 220 Ill. App. 3d 940, 581 N.E.2d 355 (complaint was properly dismissed against the defendant park district based on the Act).

Judgment affirmed.

RIZZI and CERDA, JJ., concur.