NOTICE

Decision filed 05/19/10. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-08-0125

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| KELLY PETERS, as Mother and Next Friend of Gene Peters, a Minor, | ) Appeal from the<br>) Circuit Court of<br>) Williamson County. |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | ) No. 07-L-105 |
| | ) |
| HERRIN COMMUNITY SCHOOL DISTRICT<br>NO. 4, THE BOARD OF EDUCATION OF<br>HERRIN COMMUNITY SCHOOL DISTRICT<br>NO. 4, MARK COLLINS, JASON KARNES,<br>ROBERT KARNES, DWAYNE SUMMERS,<br>ROBERT LONG, and DAVID LOUCKS, | )<br>)<br>)<br>)<br>)<br>) |
| | ) Honorable<br>) Brad K. Bleyer, |
| Defendants-Appellees. | ) Judge, presiding. |

_____

PRESIDING JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiff, Kelly Peters, as the mother and next friend of Gene Peters, a minor, filed a personal injury lawsuit in the circuit court of Williamson County against defendants–Herrin Community School District No. 4 (School District), the Board of Education of Herrin Community School District No. 4, Mark Collins, who is the superintendent of the School District, and Jason Karnes, Robert Karnes, Dwayne Summers, Robert Long, and David Loucks, who are football coaches for the School District–after her son, Gene, was injured during a football camp sponsored by the School District. Defendants filed a motion to dismiss in which they alleged immunity under the Local Governmental and Governmental Employees Tort Immunity Act (Act) (745 ILCS 10/1-101 *et seq.* (West 2006)). The trial court granted defendants' motion to dismiss with prejudice. Plaintiff now appeals. We reverse and remand.

1

BACKGROUND

On July 25, 2006, Gene Peters was injured while participating in a summer football camp sponsored by defendants at the School District's football facility. On that date, Gene and his fellow campers were, per the coaches' instructions, running from the dressing room to the practice field when Gene tripped over a bumper used at the shot-put pit. The bumper was situated on the route the campers were instructed to take by the coaches.

On July 24, 2007, plaintiff filed an 18-count complaint against defendants, seeking in excess of $50,000. In the complaint, plaintiff alleged ordinary negligence and willful and wanton conduct against all defendants. The complaint alleged that (1) the bumper extended above ground level, (2) the bumper was obscured by weeds, (3) the bumper could have been removed until track season, (4) defendants knew or should have known that it created a dangerous condition for football players at the camp, and (5) defendants owed a duty to exercise due care in the operation, maintenance, and control of the football field. On September 28, 2007, defendants filed a motion to dismiss alleging immunity under section 3-106 of the Act (745 ILCS 10/3-106 (West 2006)).

On November 7, 2007, the trial court dismissed with prejudice all the ordinary-negligence claims, dismissed all the willful-and-wanton claims without prejudice, and allowed plaintiff 21 days in which to replead the willful-and-wanton counts. The complaint was amended on November 30, 2007, and filed on December 20, 2007. The amended complaint alleged that the football facility where the accident occurred was being used for educational purposes on the date of Gene's injury.

On February 5, 2008, defendants filed a motion to dismiss plaintiff's complaint pursuant to section 2-615(e) of the Code of Civil Procedure (Code) (735 ILCS 5/2-615(e) (West 2006)). In the motion to dismiss plaintiff's amended complaint, defendants asserted that the football facility where the accident occurred was a recreational facility. Defendants

2

asserted that section 3-106 of the Act (745 ILCS 10/3-106 (West 2006)) entitled defendants to immunity because it bars all actions for common law negligence that occur on school property used for recreational facilities. On February 20, 2008, the trial court granted defendants' motion to dismiss, finding that even after taking the pleaded facts as true, the immunity provisions of section 3-106 apply and, thus, plaintiff failed to state a cause of action as a matter of law. Plaintiff filed a timely notice of appeal.

ANALYSIS

The issue we are asked to address is whether the trial court erred in granting defendants' motion to dismiss. Plaintiff first argues that defendants are not afforded immunity under section 3-106 of the Act because that immunity strictly applies to public property that is used for recreational purposes and plaintiff's complaint pleaded sufficient facts alleging that defendants' football field was used for educational purposes, thereby negating immunity under the Act. In the alternative, plaintiff asserts that the trial court erred in dismissing the complaint because facts were not developed in the trial court to determine the intended or permitted use of the football field and, therefore, the trial court's decision to dismiss was based upon mere speculation. Second, plaintiff argues that defendants are not afforded immunity under section 3-106 of the Act because that immunity does not apply due to exceptions to the immunity provisions of section 3-106. Finally, plaintiff argues that defendants are not afforded immunity because that immunity does not apply where the public entity is guilty of willful and wanton conduct and plaintiff sufficiently alleged that defendants were guilty of willful and wanton conduct by failing to exercise due care to remedy or protect against the danger that ultimately caused the injuries. Defendants respond that plaintiff waived any argument pertaining to ordinary negligence because plaintiff's notice of appeal pertains only to the trial court's order of February 20, 2008, which addressed only the issue of whether plaintiff sufficiently pleaded willful and wanton conduct, and that

3

exceptions to the Act, as now raised by plaintiff, were not presented to the trial court and were waived as well. In the alternative, defendants respond that even if ordinary negligence is considered, plaintiff's claim does not survive because defendants are immune under section 3-106 of the Act.

"A motion to dismiss [under section 2-615] tests the legal sufficiency of a pleading and a court must accept all well-pleaded facts as true." *Doe v. Calumet City*, 161 Ill. 2d 374, 381, 641 N.E.2d 498, 501 (1994). In deciding a motion to dismiss, a court should view the allegations contained in the complaint in the light most favorable to the plaintiff. *Manuel v. Red Hill Community Unit School District No. 10 Board of Education*, 324 Ill. App. 3d 279, 288, 754 N.E.2d 448, 457 (2001). The standard of review for a section 2-615 dismissal is *de novo*. *Hough v. Kalousek*, 279 Ill. App. 3d 855, 859, 665 N.E.2d 433, 435-36 (1996). In order to state a cause of action in negligence, plaintiff must plead sufficient facts to establish that defendants owed plaintiff a duty of care, a breach of that duty, and an injury proximately caused by that breach. *Vaughn v. City of West Frankfort*, 166 Ill. 2d 155, 157-58, 651 N.E.2d 1115, 1116 (1995).

The duty of a local public entity, such as a school district, is limited by section 3-102(a) of the Act, which states as follows:

"(a) Except as otherwise provided in this Article, a local public entity has the duty to exercise ordinary care to maintain its property in a reasonably safe condition for the use in the exercise of ordinary care of people whom the entity intended and permitted to use the property in a manner in which and at such times as it was reasonably foreseeable that it would be used[] and shall not be liable for injury unless it is proven that it has actual or constructive notice of the existence of such a condition that is not reasonably safe in reasonably adequate time prior to an injury to have taken measures to remedy or protect against such condition." 745 ILCS 10/3-

4

102(a) (West 2006).

In the instant case, plaintiff pleaded sufficient facts to establish a duty under section 3-102(a) for the School District to protect Gene Peters.

However, defendants asserted and the trial court agreed that there was statutory immunity under section 3-106 of the Act. It is clear from our reading of the trial court's order dismissing the case that the dismissal was based upon the immunity provision of section 3-106 of the Act, which provides as follows:

> "Neither a local public entity nor a public employee is liable for an injury where the liability is based on the existence of a condition of any public property intended or permitted to be used for recreational purposes, including but not limited to parks, playgrounds, open areas, buildings[,] or other enclosed recreational facilities, unless such local entity or public employee is guilty of willful and wanton conduct proximately causing such injury." 745 ILCS 10/3-106 (West 2006).

Several cases have addressed section 3-106 immunity in connection with school property; however, none specifically address the issue presented here where a minor is injured during a football camp conducted on school grounds.

We have reviewed a number of cases, and it is evident that section 3-106 immunity should not be applied to all school property *per se*. See *Bubb v. Springfield School District 186*, 167 Ill. 2d 372, 384, 657 N.E.2d 887, 893 (1995). In *Rexroad v. City of Springfield*, 207 Ill. 2d 33, 796 N.E.2d 1040 (2003), a high school football team helper and his father brought a negligence action against the city and the board of education for injuries suffered by the helper following a fall in the excavation area of a high school parking lot. The Illinois Supreme Court found that the parking lot where the injury occurred was not recreational within the meaning of section 3-106 of the Act, because the lot served the entire school and only incidentally the football practice field. "That [the helper] was traversing the lot at the

5

time of the injury to further the recreational pursuits underway at the football practice field is not important, as immunity depends on the character of the property in question, not the activity performed at any given time." *Rexroad*, 207 Ill. 2d at 43, 796 N.E.2d at 1045.

In *Adamczyk v. Township High School District 214*, 324 Ill. App. 3d 920, 755 N.E.2d 30 (2001), our colleagues in the First District found that a school district was not immune from liability under section 3-106 of the Act for a visitor's injury suffered in a parking lot of a school, even though the visitor was watching her son play basketball in a non-school-related league, because the school was a multiuse facility and the parking lot was substantially connected to the entire school and only incidentally to the gym. In *Batson v. Pinckneyville Elementary School District No. 50*, 294 Ill. App. 3d 832, 690 N.E.2d 1077 (1998), we found that the immunity provided under section 3-106 does not hinge on the type of activity involved in a particular case, but we concluded instead that the section should be applied only after a case-by-case evaluation of the subject property's character. *Batson*, 294 Ill. App. 3d at 835, 690 N.E.2d at 1079.

In the instant case, plaintiff contends that the property on which Gene was injured was used for educational, not recreational, purposes and therefore was not subject to the immunity provided under section 3-106 of the Act. Paragraph 11 of plaintiff's amended complaint specifically alleges that the football facility where the injury occurred "was being utilized for educational purposes." We agree with plaintiff that because the property was located on school grounds and was being used by the School District for a summer camp, there is, at a minimum, an inference that the property in question was being used for educational purposes.

Defendants sought a dismissal pursuant to section 2-615 of the Code, arguing that plaintiff's complaint failed to state a cause of action. Therefore, the issue was not whether plaintiff would prevail at a trial or even whether there was a question of material fact, such

as for proceedings on a motion for a summary judgment. Instead, the issue was whether the pleadings were sufficient to state a cause of action, and as previously stated, well-pleaded facts were to be taken as true. We agree with plaintiff that the trial court's decision to dismiss was premature. Neither party was given the opportunity to fully develop its theory on the issue of whether the property was being used for educational purposes or recreational purposes.

Moreover, even assuming, *arguendo*, that the property was being used for recreational purposes and section 3-106 applies to plaintiff's complaint, we agree with plaintiff that the trial court erred in granting defendants' motion to dismiss because plaintiff sufficiently alleged willful and wanton conduct on the part of defendants. Section 1-210 of the Act provides as follows:

> " 'Willful and wanton conduct' as used in this Act means a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others or their property. This definition shall apply in any case where a 'willful and wanton' exception is incorporated into any immunity under this Act." 745 ILCS 10/1-210 (West 2006).

In order to sufficiently plead a cause of action for willful and wanton conduct, a plaintiff must allege that a defendant engaged in a course of action that proximately caused the injury. *Lerma v. Rockford Blacktop Construction Co.*, 247 Ill. App. 3d 567, 572-73, 617 N.E.2d 531, 536-37 (1993).

Defendants cite numerous cases which hold that it is not enough to maintain a cause of action based upon willful and wanton conduct to allege that the condition of property was dangerous. For example, in *Oropeza v. Board of Education of the City of Chicago*, 238 Ill. App. 3d 399, 606 N.E.2d 482 (1992), a lawsuit was filed on behalf of a minor who tripped

7

and fell while playing basketball on an outdoor court next to the school. The complaint alleged that the court was in a dangerous condition because it contained trenches that were clearly visible, that the defendant knew or should have known of this condition and that it would cause injury, and that the school engaged in willful and wanton conduct by not preventing children from playing on the court, by allowing or making the trenches in the asphalt, and by failing to repair the courts. *Oropeza*, 238 Ill. App. 3d at 400, 606 N.E.2d at 483. The *Oropeza* court found these pleadings insufficient to withstand a section 2-615 motion to dismiss because sufficient facts were not pleaded to show willful and wanton conduct. However, we agree with plaintiff that *Oropeza* and the other cases cited by defendants focus only on the dangerous condition of the property. In none of the cases was there an allegation such as was made here that the injured party was specifically instructed to encounter the dangerous condition.

In the instant case, plaintiff alleged that on the date in question, "[Gene], along with his fellow teammates, were [*sic*] instructed by the coaching staff to run from the dressing room to the practice field at said facility, where [Gene] encountered and tripped on a bumper that was used at the shot[-]put pit." As previously set forth, a section 2-615 motion admits the truth of all well-pleaded facts and the allegations are viewed in the light most favorable to plaintiff. From our review of the record, we believe that the trial court erred in dismissing plaintiff's complaint because the allegation that Gene had been instructed by the coaching staff to encounter the hazard was sufficient to support a cause of action for willful and wanton conduct.

In support of our determination, we rely on *Manuel v. Red Hill Community Unit School District No. 10 Board of Education*, 324 Ill. App. 3d 279, 754 N.E.2d 448 (2001). In that case, a student who alleged she suffered from cerebral palsy brought a negligence action against the defendant after she was injured while working at a basketball concession

stand at the high school. The plaintiff alleged that while working, she was asked by a teacher employed by the school to ask others who were also working at the game, such as coaches, if they wanted soft drinks. Plaintiff alleged that in order to complete the task given to her by the teacher, she had to walk up and down staircases that were "soppy wet" due to a recent snowfall. On the return trip, she slipped and fell, causing injury. *Manuel*, 324 Ill. App. 3d at 282, 754 N.E.2d at 452. In finding that the complaint sufficiently alleged willful and wanton conduct, we specifically stated as follows:

> "[P]laintiff did allege such order and control on the part of defendant. Plaintiff alleges that she was a student, that she had been asked by a teacher, Hank Ginder, to work as an employee of defendant at the concession stand, and that she had 'commenced work at the concession stand as she had been instructed to do' by Ginder. The complaint then alleges that Ginder 'asked' plaintiff to perform a 'task' of contacting the employees of defendant who were on the gym floor to see if they wanted soft drinks. A moderate reading of plaintiff's complaint could easily lead a rational trier of fact to conclude that Ginder had directed plaintiff to act, as a teacher orders a student." *Manuel*, 324 Ill. App. 3d at 290, 754 N.E.2d at 459.

The instant case is similar in that plaintiff alleged that the coaches "instructed" Gene to run from the dressing room to the practice field, thereby encountering the bumper that was obscured by weeds. If the allegations in the complaint can be proven, a rational trier of fact could decide that defendants took a course of action that showed an utter indifference or conscious disregard for Gene's safety.

## CONCLUSION

Accordingly, the order of the circuit court of Williamson County dismissing plaintiff's amended complaint is reversed, and the cause is remanded for further proceedings consistent with this opinion.

9

Reversed; cause remanded.

STEWART, J., concurs.

JUSTICE SPOMER, dissenting:

I respectfully dissent and would affirm the order of the circuit court. The complaint at issue in this appeal is a one-count amended complaint that alleges that the school district and its employees were negligent in maintaining their football facility and practice field and that, as a result of this negligence, Gene was injured when he tripped on a bumper at the shot-put pit while running from the dressing room to the practice field during a summer football camp. The amended complaint further alleges that the school permitted students to participate in such activities at the football facility and on the field in question. Taking the allegations in the amended complaint as true, I find that a dismissal of the negligence count, which is the only count in the amended complaint, is proper as a matter of law because the defendants are immune from allegations of negligence pursuant to section 3-106 of the Local Governmental and Governmental Employees Tort Immunity Act (the Act) (745 ILCS 10/3-106 (West 2008)).

The majority asserts that because the property upon which Gene was injured was located on school grounds and being used by the defendants for a summer camp, there is, at a minimum, an inference that the property in question was being used for educational purposes. In so doing, the majority misinterprets the term "educational" as it is used when evaluating whether an area of property on school grounds falls within the ambit of section 3-106. The Illinois Supreme Court has clearly stated that there is recreational school property and nonrecreational school property. *Bubb v. Springfield School District 186*, 167 Ill. 2d 372, 383 (1995) (the sidewalk area outside the school where children were permitted

10

to play during recess was held to be recreational as a matter of law). In addition, this court has recognized that a school complex is scattered with recreational property. *Batson v. Pinckneyville Elementary School District No. 50*, 294 Ill. App. 3d 832, 837 (1998).

Moreover, the case law makes clear that property can have more than one intended use and that a piece of property can be used for both educational (compulsory) and recreational (recess/extracurricular) purposes. See *Ozuk v. River Grove Board of Education*, 281 Ill. App. 3d 239, 244 (1996) (citing *Bubb*, 167 Ill. 2d at 383). The key question in determining whether a particular area on school property falls within the purview of section 3-106 is whether it is permitted or intended to be used for recreational activities. See *Bubb*, 167 Ill. 2d at 383. In *Ozuk*, the plaintiff was injured when he slipped and fell in a school gymnasium. 281 Ill. App. 3d at 241. The circuit court dismissed the plaintiff's complaint for negligence, finding that section 3-106 afforded the defendant immunity from those allegations. *Ozuk*, 281 Ill. App. 3d at 242. The appellate court reversed, finding that there was a question of material fact about whether the gymnasium was used only for compulsory physical education, in which case section 3-106 would be inapplicable, or whether the gymnasium was also encouraged, intended, or permitted to be used for recess, extracurricular events, or other recreational, noncompulsory activities, in which case section 3-106 would apply. *Ozuk*, 281 Ill. App. 3d at 244.

In contrast to *Ozuk*, the facts alleged in the amended complaint, aside from the plaintiff's conclusory allegation that the property was educational, leave no doubt that the property on which Gene was injured was permitted or intended, at least in part, to be used for extracurricular events or other noncompulsory recreational activities. Paragraph 10 of the complaint alleges that Gene was participating in a summer football camp at the defendants' football facility at the time he was injured. Paragraph 11 alleges that the football facility also serves as a multipurpose sports venue. Paragraph 12 alleges that the property

11

was used and intended and permitted to be used not only for physical education but also for interschool athletics, which are by their nature noncompulsory and extracurricular. Paragraph 14 alleges that Gene encountered and tripped on a bumper that was used at the shot-put pit, which paragraph 19 alleges should have been removed until track season, which is another extracurricular activity. Accordingly, whether or not the property in question is used for compulsory educational activities, the facts alleged in the complaint make clear that the property is also intended and permitted to be used for recreational purposes. For these reasons, the circuit court was correct in finding that section 3-106 applies to immunize the defendants from the plaintiff's cause of action based on negligence, and the majority incorrectly asserts that a dismissal of the negligence count was premature.

I also disagree with the majority's finding that the one-count amended complaint sufficiently states a cause of action for willful and wanton conduct. The only allegations that the amended complaint contains with regard to the proximate cause of the Gene's injury are that "[d]efendants *negligently* maintained said football facility in that it [*sic*] allowed said bumper to extend above ground level and to become obscured by weeds" and that "[d]efendant *negligently* maintained said field in that it did not mow and cut the weeds so that the students would have a safe place to run[] or remove the bumper till track season." (Emphasis added.) The amended complaint contains no alternative allegations of willful and wanton conduct on the part of the defendants. Furthermore, "[a] public entity may be found to have engaged in willful and wanton conduct only if it has been informed of a dangerous condition, [if it] knew others had been injured because of the condition, or if it intentionally removed a safety device or feature from property used for recreational purposes." *Dinelli v. County of Lake*, 294 Ill. App. 3d 876, 884 (1998). However, the amended complaint contains no allegation that the defendants had been told that the bumper was obscured by weeds or that the defendants knew that others had been injured because of the bumper.

12

Simply put, the amended complaint contains no allegation of willful and wanton conduct on the part of the defendants.

The majority relies upon this court's holding in *Manuel v. Red Hill Community Unit School District No. 10 Board of Education*, 324 Ill. App. 3d 279 (2001), as authority for its finding that the bare allegation in paragraph 14 of the amended complaint that Gene was instructed by the coaching staff to run from the dressing room to the practice field is sufficient to support a cause of action for willful and wanton conduct. In *Manuel*, this court found that the complaint sufficiently stated a cause of action for willful and wanton conduct because the complaint alleged that the defendant knew of the condition of the premises and the plaintiff's physical impediment. 324 Ill. App. 3d at 288. These allegations of knowledge, both of the condition of the premises and of the plaintiff's physical impediment, were sufficient to give rise to a question of whether the defendant displayed an utter indifference or conscious disregard for the plaintiff's safety. *Manuel*, 324 Ill. App. 3d at 288. *Manuel* does not stand for the proposition that the mere act of instructing a plaintiff in such a way that the plaintiff encounters a condition supports a cause of action for willful and wanton conduct. To expand the holding in *Manuel* in this way is to convert every act of instruction into willful and wanton conduct regardless of whether the instructor knew or recklessly disregarded a dangerous condition, in effect destroying the willful-and-wanton exception in the Act and allowing a cause of action for negligence despite the terms of the Act.

Finally, I also question the value of the majority's disposition in terms of providing practical guidance to the circuit court. It seems to me that the majority disposition offers, at best, confusing direction regarding how the circuit court is to proceed in this matter.

NO. 5-08-0125

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| KELLY PETERS, as Mother and Next Friend of Gene Peters, a Minor, | ) ) ) | Appeal from the Circuit Court of Williamson County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 07-L-105 |
| HERRIN COMMUNITY SCHOOL DISTRICT NO. 4, THE BOARD OF EDUCATION OF HERRIN COMMUNITY SCHOOL DISTRICT NO. 4, MARK COLLINS, JASON KARNES, ROBERT KARNES, DWAYNE SUMMERS, ROBERT LONG, and DAVID LOUCKS, | ) ) ) ) ) ) ) ) | Honorable Brad K. Bleyer, |
| Defendants-Appellees. | ) | Judge, presiding. |

---

**Opinion Filed**:      May 19, 2010

---

**Justices**:      Honorable Richard P. Goldenhersh, P.J.

                 Honorable Bruce D. Stewart, J.,
                 Concurs
                 Honorable Stephen L. Spomer, J.,
                 Dissents

---

**Attorney for Appellant**      John Womick, Womick Law Firm, Chtd., 501 Rushing Drive, Herrin, IL 62948

---

**Attorneys for Appellees**      John J. Kurowski, Lindsay A. Dibler, Brittany A. Young, Kurowski, Bailey & Shultz, LLC, 24 Bronze Pointe, Swansea, IL 62226